UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARKAR HTOO,<br><br>                       Plaintiff,<br><br>-against-<br><br>ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security; UR M. JADDOU, Director, U.S. Citizenship and Immigration Services; TED H. KIM, Associate Director of Refugee, Asylum and International Operations, U.S. Citizenship and Immigration Services; and MERRICK B. GARLAND, Attorney General, Office of Attorney General U.S. Department of Justice,<br><br>                       Defendants. | Case No. 1:24-cv-07514 (JLR)<br><br>**OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

      Arkar Htoo ("Plaintiff") filed an asylum application with United States Citizenship and Immigration Services ("USCIS") on July 2, 2021. Dkt. 1 ("Compl.") ¶ 4. The application has been pending for over two years. *Id.* ¶ 1. Seeking to expedite matters, on November 15, 2023, Plaintiff sued Alejandro Mayorkas, the then-Secretary of the United States Department of Homeland Security, Ur M. Jaddou, the then-Director of USCIS, Ted H. Kim, the Associate Director of Refugee, Asylum, and International Operations Directorate ("RAIO"), and Merrick B. Garland, the then-Attorney General of the United States (collectively, "Defendants"). Compl. Plaintiff brings a claim under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, and also seeks a writ of mandamus. Compl. ¶ 9.

      Defendants have moved to dismiss. Dkt 40; Dkt. 41 ("Br."). For the following reasons, the Court GRANTS the Defendants' motion.

## BACKGROUND

Plaintiff is a Burmese national. Compl. ¶ 11; Dkt. 41-1 ("Isaacson Decl.") ¶ 10 (Declaration of Mollie Isaacson, Acting Director of the Newark Asylum Office within USCIS). Plaintiff was admitted to the United States on a J-1 nonimmigrant visa on June 24, 2020. Isaacson Decl. ¶ 10. He is seeking asylum in the United States and filed a Form I-589 Application for Asylum and Withholding of Removal on July 2, 2021. Isaacson Decl. ¶ 11; Compl. ¶ 4; *see Chen v. Garland*, 75 F.4th 109, 112 (2d Cir. 2023) (Form I-589 "asks applicants to provide information about their personal and family backgrounds and details about the harm or mistreatment that they experienced in their home country"). USCIS records indicate Plaintiff has an employment authorization document ("EAD") that is valid until September 26, 2028. Isaacson Decl. ¶ 15. Plaintiff is eligible to renew his EAD in five-year increments for the pendency of his asylum application. *Id.* Plaintiff's asylum application remains pending in the Newark Asylum Office. Compl. ¶ 16; *see* Isaacson Decl. ¶ 11.

On November 15, 2023, Plaintiff filed this action in the United States District Court for the District of Columbia, bringing an APA claim and seeking a writ of mandamus. Compl. ¶¶ 9-10. Plaintiff asserts that Defendants are in violation of the APA because they have unlawfully delayed resolution of Plaintiff's asylum application. Compl. ¶ 28. While not entirely clear from the Complaint, Plaintiff also appears to be seeking a writ of mandamus to compel Defendants to perform their statutory duties and adjudicate his application. Compl. ¶ 9. He asks this Court to compel Defendants to promptly adjudicate his application within a time certain. Compl. at 6.

On January 11, 2024, the case was transferred on consent from the District of Columbia to the United States District Court for the Northern District of New York. Dkt. 9. On July 18, 2024, Plaintiff notified the United States Citizenship and Immigration Services

that his address changed from Albany, New York, to Bronx, New York. Dkt. 29 ¶ 4. On July 25, 2024, Plaintiff filed a letter notifying the Court of his address change. Dkt. 28. Plaintiff also filed a motion to transfer venue to the Southern District of New York, which the Government did not oppose. Dkts. 29, 30. The motion to transfer was thereafter granted on August 15, 2024. Dkt. 32. The case was transferred to the Southern District of New York on October 3, 2024 and was assigned to the undersigned on October 4, 2024. Dkt. 33.

On November 5, 2024, the Defendants moved to dismiss under Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6). Br. at 1. In addition to filing a memorandum of law in support of their motion, the Defendants also filed Declarations by Mollie Isaacson and John Lafferty, the Chief of the Asylum Division within USCIS. Dkt. 41-1; Dkt. 41-2 ("Lafferty Decl."). On November 19, 2024, Plaintiff submitted his opposition brief. Dkt. 42 ("Opp"). On November 22, 2024, the Defendants filed their reply. Dkt. 43 ("Reply").

## LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011) (quotation marks and citation omitted), *aff'd*, 568 U.S. 85 (2013). "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016) (citation omitted). "In deciding a Rule 12(b)(1) motion, the court may also rely on evidence outside the complaint." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.à.r.l.*, 790 F.3d 411, 417 (2d Cir. 2015).

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

3

face." *Olson v. Major League Baseball*, 29 F.4th 59, 71 (2d Cir. 2022) (quotation marks and citation omitted).  A court must draw all reasonable inferences in favor of the plaintiff. *Palmer v. Amazon.com, Inc.*, 51 F.4th 491, 503 (2d Cir. 2022).

## DISCUSSION

Plaintiff's mandamus and APA claims both implicate 8 U.S.C. § 1158, a provision of the Immigration and Nationality Act (the "INA").  Several parts of Section 1158 are relevant here.

- 8 U.S.C. § 1158(a)(1) states: "Any alien who is physically present in the United States or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters), irrespective of such alien's status, may apply for asylum in accordance with this section or, where applicable, section 1225(b) of this title."

- 8 U.S.C. § 1158(d)(1) states in relevant part: "The Attorney General shall establish a procedure for the consideration of asylum applications filed under subsection (a)."

- 8 U.S.C. § 1158(d)(5)(A)(ii) states: "The procedures established under paragraph (1) shall provide that . . . in the absence of exceptional circumstances, the initial interview or hearing on the asylum application shall commence not later than 45 days after the date an application is filed."[1]

- 8 U.S.C. § 1158(d)(7), titled "No private right of action," states: "Nothing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person."

The Court addresses Plaintiff's claims in turn.

---

[1] *See also* 8 C.F.R. § 208.9(a)(1) ("The asylum officer shall conduct the interview within 45 days of the applicant being served with a positive credible fear determination made by an asylum officer pursuant to § 208.30(f) or made by an immigration judge pursuant to 8 CFR 1208.30, subject to the need to reschedule an interview due to exigent circumstances, such as [certain examples].").

I. **Mandamus**

Plaintiff seeks a writ of mandamus to compel the Defendant to adjudicate Plaintiff's asylum application and/or schedule an interview within thirty days. Compl. ¶ 9. The Government moves to dismiss Plaintiff's mandamus claim under Rule 12(b)(1) for lack of subject-matter jurisdiction. *See* Br. at 11-13.

District courts "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The writ of mandamus "is a drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (quotation marks and citation omitted). "[J]urisdiction under the mandamus statute is limited to actions seeking to compel the performance of a nondiscretionary duty." *Duamutef v. INS*, 386 F.3d 172, 180 (2d Cir. 2004) (emphasis omitted); *accord Rahman v. Jaddou*, No. 22-101, 2022 WL 6593589, at *2 (2d Cir. Oct. 11, 2022) (summary order). "Before a writ of mandamus may issue, a party must establish that (1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam) (brackets, quotation marks, and citation omitted).

The Court agrees with the Defendant that Plaintiff's mandamus claim should be dismissed because Plaintiff has failed to establish a clear and indisputable right to the issuance of the writ. The Court disagrees, however, with the Government's request to dismiss under Rule 12(b)(1).

Courts in this Circuit have differed as to "whether a failure to satisfy the elements of a mandamus claim under § 1361 warrants dismissal for lack of jurisdiction or for failure to state

5

a claim." *City of New York v. U.S. Postal Serv.*, 519 F. Supp. 3d 111, 127 n.9 (E.D.N.Y. 2021); *accord Ngai v. Mayorkas*, No. 22-cv-05358 (LDH), 2024 WL 1346530, at *1 n.2 (E.D.N.Y. Mar. 29, 2024) ("The question of whether [meeting] the three requirements for a writ of mandamus is a jurisdictional or merits inquiry remains an open question in this circuit."). The split on the issue has included immigration cases like this one. *Compare, e.g.*, *Fangfang Xu v. Cissna*, 434 F. Supp. 3d 43, 57 (S.D.N.Y. 2020) (dismissing for lack of jurisdiction), *Baisheng Chen v. Wolf*, No. 19-cv-09951 (AJN), 2020 WL 6825681, at *3 (S.D.N.Y. Nov. 20, 2020) (same), *and Ying Yu Liu v. Wolf*, No. 19-cv-00410 (PGG), 2020 WL 2836426, at *10 (S.D.N.Y. May 30, 2020) (same), *with Elnaggar v. Garland*, No. 23-cv-10850 (GS), 2025 WL 70386, at *4-5 (S.D.N.Y. Jan. 10, 2025) (dismissing for failure to state a claim); *Zheng v. Garland*, No. 22-cv-06039 (AMD), 2024 WL 333090, at *4 (E.D.N.Y. Jan. 29, 2024) (same), *Yueliang Zhang v. Wolf*, No. 19-cv-05370 (DLI), 2020 WL 5878255, at *3-4 (E.D.N.Y. Sept. 30, 2020) (same), *and De Oliveira v. Barr*, No. 19-cv-01508 (EV), 2020 WL 1941231, at *2-4 (E.D.N.Y. Apr. 22, 2020) (same). For all of the reasons this Court previously articulated in *Qi v. USCIS*, the Court concludes that the correct approach is to treat the failure to satisfy the elements of Plaintiff's mandamus claim as a merits issue addressed under Rule 12(b)(6), rather than as a jurisdictional issue addressed under Rule 12(b)(1). No. 23-cv-08843 (JLR), 2024 WL 2262661, at *3-4 (S.D.N.Y. May 17, 2024). The Court incorporates its analysis in *Qi* here by reference.

Plaintiff fails to state a claim for mandamus relief. Plaintiff points to 8 U.S.C. § 1158(d)(5)(A)(ii), which states that "the initial interview or hearing on the asylum application shall commence not later than 45 days after the date an application is filed." 8 U.S.C. § 1158(d)(5)(A)(ii); *see* Compl. ¶ 25. However, Paragraph (7) of Subsection (d), 8 U.S.C. § 1158(d)(7), states that "[n]othing in this subsection shall be construed to create any

6

substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." 8 U.S.C. § 1158(d)(7). Therefore, the 45-day deadline set forth in Paragraph (5) of Subsection (d), 8 U.S.C. § 1158(d)(5), is not legally enforceable by Plaintiff against Defendant. Thus, Plaintiff has no "clear and indisputable" right to a 45-day adjudication of his asylum application that may be enforced against Defendants through a writ of mandamus. *Hollingsworth*, 558 U.S. at 190 (citation omitted). This interpretation of Paragraph (5) comports with numerous decisions by courts in this Circuit and elsewhere. *See, e.g.*, *Abdiev v. Garland*, No. 23-cv-08091 (DEH), 2024 WL 3742545, at *3 (S.D.N.Y. Aug. 9, 2024) (denying writ of mandamus because plaintiff had not established a clear right to the relief he seeks, noting that "[c]ourts in this Circuit have uniformly held that [Paragraph (7)] bars asylum applicants from establishing that they have a clear right to adjudication within the time periods laid out in § 1158, for purposes of mandamus relief"); *Maxhuni v. Mayorkas*, No. 23-cv-09076 (DEH), 2024 WL 3090165, at *1-2 (S.D.N.Y. June 20, 2024) (same); *Zheng*, 2024 WL 333090, at *4 ("[B]ecause Section 1158(d) does not create a legally enforceable right or benefit, mandamus relief is unavailable."); *Baisheng Chen*, 2020 WL 6825681, at *3 ("[W]here, as here, the statute itself specifically provides that the timing provisions do not 'create any substantive or procedural right or benefit,' Plaintiff cannot make a showing that he has a right — let alone a clear right — to the requested relief." (quoting 8 U.S.C. § 1158(d)(7))); *Yueliang Zhang*, 2020 WL 5878255, at *1, *4 (rejecting request for a writ of mandamus ordering defendant to process asylum application; "it is beyond serious dispute that mandamus pursuant to § 1361 is unavailable to compel compliance with a statutory obligation when the underlying statute expressly disclaims a private right of action" (brackets and citation omitted)); *Zhihua Yan v. Arlington Asylum Off. USCIS*, No. 23-cv-00617, 2023 WL 7211115, at *1-2 (W.D.N.C. Oct.

6, 2023) (rejecting request for a writ of mandamus "ordering Defendant to conduct Plaintiff's asylum interview" because "the INA does not provide Plaintiff with any right in mandamus enforceable by this Court"), *aff'd sub nom. Yan v. Arlington Asylum Off. USCIS*, No. 23-2123, 2024 WL 863661 (4th Cir. Feb. 29, 2024) (per curiam).

In sum, Plaintiff fails to establish that his "right to issuance of the writ is clear and indisputable." *Hollingsworth*, 558 U.S. at 190 (quotation marks and citation omitted). Therefore, the Court dismisses Plaintiff's mandamus claim under Rule 12(b)(6).

## II. APA

The Court turns next to Plaintiff's claim to compel adjudication of his asylum application under the APA because of an unreasonable delay. *See* 5 U.S.C. § 706(1) ("The reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed. . . ."). The Court agrees with the Defendants that to evaluate such a claim, the Court should look to the factors summarized in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984) ("*TRAC*"). *See Nat. Res. Def. Council, Inc. v. U.S. FDA*, 710 F.3d 71, 84 (2d Cir. 2013) (*TRAC* "set[s] forth [the] test for determining if agency action is unreasonably delayed"); *Fangfang Xu*, 434 F. Supp. 3d at 51, 53-55 (applying *TRAC* factors in evaluating asylum applicant's APA claim of unreasonable delay); *Baisheng Chen*, 2020 WL 6825681, at *4-6 (same); *accord* Br. at 14 (arguing that the Court should apply the *TRAC* factors). Plaintiff does not dispute that these factors apply. *See generally* Opp.

The *TRAC* factors are:

> (1) [T]he time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;

> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

750 F.2d at 80 (quotation marks and citations omitted). "These six factors are not ironclad, but rather are intended to provide useful guidance in assessing claims of agency delay." *Ahmed v. Bitter*, No. 23-cv-00189 (NGG), 2024 WL 22763, at *7 (E.D.N.Y. Jan. 2, 2024) (quotation marks and citation omitted). Although "no single factor is dispositive," "the first and fourth factors generally carry the most weight." *Arabzada v. Donis*, 725 F. Supp. 3d 1, 13 (D.D.C. 2024).

The Court will consider each factor in turn before assessing them in the aggregate.

### A. *TRAC* Factor 1

"The first *TRAC* factor — whether an agency's time to act is governed by a rule of reason — is the most important." *Kaur v. Mayorkas*, No. 22-cv-04514 (PAE), 2023 WL 4899083, at *6 (S.D.N.Y. Aug. 1, 2023) (quotation marks and citation omitted). "Indeed, only the first *TRAC* factor is phrased as a categorical command: the time agencies take to make decisions *must* be governed by a rule of reason." *Sheiner v. Mayorkas*, No. 21-cv-05272 (ER), 2023 WL 2691580, at *5 (S.D.N.Y. Mar. 29, 2023) (citation omitted). "It inquires whether there is any rhyme or reason for the Government's delay" — "in other words, whether the agency's response time is governed by an identifiable rationale." *Kaur*, 2023 WL 4899083, at *6 (ellipsis, quotation marks, and citation omitted). This factor "turns in large part on the complexity of the task at hand, the significance (and permanence) of the outcome, and the resources available to the agency." *Id.* (quotation marks and citation omitted).

9

The Government cites as its rule of reason a scheduling system known as "Last-In-First-Out." Br. at 14-15. Under this system, USCIS generally schedules recently filed asylum cases for interviews ahead of older cases "to combat the frivolous, fraudulent, or otherwise unmeritorious asylum applications filed . . . solely to obtain work authorization." *Id.* at 14. Other courts, both in this Circuit and elsewhere, have consistently held that the Last-In-First-Out system is a rule of reason for purposes of the first *TRAC* factor. *See, e.g.*, *Abdiev*, 2024 WL 3742545, at *4; *Doe v. DHS*, No. 23-cv-00002, 2024 WL 1603567, at *3-4 (E.D. La. Apr. 12, 2024); *Arabzada*, 725 F. Supp. at 14-15; *Yilmaz v. Jaddou*, 697 F. Supp. 3d 951, 958-59 (C.D. Cal. 2023); *Baisheng Chen*, 2020 WL 6825681, at *5; *Yueliang Zhang*, 2020 WL 5878255, at *4-5; *Ying Yu Liu*, 2020 WL 2836426, at *8; *Fangfang Xu*, 434 F. Supp. 3d at 53. The Court finds the analyses of these courts persuasive and agrees with them. Accordingly, the first *TRAC* factor weighs in favor of the Government.

### B. *TRAC* Factor 2

"The second factor considers whether Congress has indicated the time frame for which it expects an agency to act." *Saharia v. USCIS*, No. 21-cv-03688 (NSR), 2022 WL 3141958, at *5 (S.D.N.Y. Aug. 5, 2022). Congress has done so here through Paragraph (5)'s 45-day deadline to commence "the initial interview or hearing on the asylum application." 8 U.S.C. § 1158(d)(5)(A)(ii); *see Muwekma Tribe v. Babbitt*, 133 F. Supp. 2d 30, 38 (D.D.C. 2000) ("If a specific deadline for final agency action is provided by Congress, the reasonableness of the delay can be measured in relation to this deadline."). Hence, the second *TRAC* factor weighs in Plaintiff's favor.

### C. *TRAC* Factors 3 and 5

"Courts analyze *TRAC* factors three and five together, looking to the possible effects a delay has had on a plaintiff's health and welfare and to the nature and extent of the interests

prejudiced by delay." *Arabzada*, 725 F. Supp. 3d at 16 (quotation marks and citation omitted). Plaintiff asserts that he is "suffering irreparable harm" because he is "unable to commence his life without fear of being returned to Myanmar, where he will most certainly be prosecuted, tortured, and/or killed." Compl. ¶ 18. While delay and uncertainty are certainly anxiety-producing, Plaintiff is deemed lawfully present in the United States, has employment authorization, and can seek travel authorization if he needs to travel abroad for humanitarian reasons or significant public benefit. Br. at 16-17. Plaintiff's need for closure and feelings of vulnerability while he awaits the adjudication of his application "are not of the severity or kind that other courts have found tilt the third and fifth factors in favor of similarly situated plaintiffs." *Punt v. USCIS*, No. 22-cv-01218, 2023 WL 157320, at *5 (D.D.C. Jan. 11, 2023) (collecting cases); *see Rashidian v. Garland*, No. 23-cv-01187, 2024 WL 1076810, at *9 (D.D.C. Mar. 8, 2024) (injuries "which are likely shared by many others facing similar circumstances" are "not so extreme or unusual as to plausibly outweigh the other factors favoring Defendants" (quotation marks and citation omitted)); *cf. Babaei v. U.S. Dep't of State*, 725 F. Supp. 3d 20, 32 (D.D.C. 2024) ("Factors three and five slightly favor Plaintiffs, given their allegations that they have had to defer their academic and career plans, and medical research they plan to pursue."); *Saharia*, 2022 WL 3141958, at *6-7 (more detailed allegations of personal hardship sufficed to tilt third and fifth factors in plaintiff's favor).

Here, "[a]t most, these factors would weigh only slightly in support of finding an unreasonable delay. They are not enough to overcome the other factors that weigh strongly in the Government's favor." *Palakuru v. Renaud*, 521 F. Supp. 3d 46, 53 (D.D.C. 2021).

### D. *TRAC* Factor 4

Factor 4 — "the effect of expediting delayed action on agency activities of a higher or competing priority," *TRAC*, 750 F.2d at 80 — strongly favors the Government here.

Notwithstanding Plaintiff's assertion that he is not trying to be "pushed to the front of the line to the detriment of other noncitizen applicants," Opp. at 7, "granting Plaintiff the relief he seeks would simply advance his application ahead of many others, including those of applicants who have been waiting as long, or longer, than Plaintiff. And the effect of leapfrogging Plaintiff's application to the front of the line would do nothing to cure the deficiencies of the asylum application process; it would only harm other applicants, who are equally deserving of prompt adjudication." *Baisheng Chen*, 2020 WL 6825681, at *6 (brackets, quotation marks, and citation omitted); *accord Sunny v. Biden*, Nos. 21-cv-04662 et al. (BMC), 2023 WL 5613433, at *3 (E.D.N.Y. Aug. 30, 2023) ("To grant priority would push others further back in line when the only difference between them and plaintiffs is that plaintiffs brought a federal lawsuit." (brackets and citation omitted)). Thus, as numerous courts have held in similar cases, the fourth *TRAC* factor favors the Government here. *See, e.g.*, *Arabzada*, 725 F. Supp. 3d at 16-17; *Sunny*, 2023 WL 5613433, at *3; *Dawod v. Garland*, No. 23-cv-03211, 2023 WL 8605320, at *8 (C.D. Cal. Aug. 10, 2023); *Baisheng Chen*, 2020 WL 6825681, at *6; *Ying Yu Liu*, 2020 WL 2836426, at *9.

### E.  *TRAC* Factor 6

"The sixth *TRAC* factor requires the Court to assess any allegations of bad faith or unfairness on the part of the agency. Where a plaintiff does not allege bad faith, the sixth factor reminds the Court not to impute impropriety to agency delay." *Arabzada*, 725 F. Supp. 3d at 17 (citations omitted). Here, Plaintiff does not allege bad faith, unfairness, or other impropriety, so the sixth *TRAC* factor is neutral. *See, e.g.*, *Cohen v. Jaddou*, No. 21-cv-05025 (PAC), 2023 WL 2526105, at *7 (S.D.N.Y. Mar. 15, 2023).

### F. Final Analysis

Considering the *TRAC* factors holistically, the Court concludes that Plaintiff has failed to state a claim for unreasonable delay, especially given that the most important factors (first and fourth) favor the Government. While the Court recognizes that Plaintiff's application (filed after his application had been pending for twenty-eight months) has now been pending for over forty months, Opp. at 23, courts in this District have dismissed APA claims brought by asylum applicants whose applications have been pending for about forty months at the time of the filing of the complaint. *See, e.g.*, *Baisheng Chen*, 2020 WL 6825681, at *1 (application pending for approximately 40 months when complaint filed); *Fangfang Xu*, 434 F. Supp. 3d at 48-49 (application pending for approximately 39 months when complaint filed). The Court thus grants the Government's motion to dismiss Plaintiff's APA claim under Rule 12(b)(6).

### CONCLUSION

For the reasons set forth above, the Government's motion to dismiss is GRANTED. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 40 and CLOSE the case.

Dated: January 28, 2025
       New York, New York

                                          SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge